GREENAWAY, JR., Circuit Judge,
dissenting in part.[1]
Ernesto Miranda lived an unremarkable life, but his surname stands for what has become one of our most fundamental constitutional rights. Indeed, Miranda has become embedded in our national culture. See Dickerson v. United States, 530 U.S. 428, 443-44, 120 S.Ct. 2326, 147 L.Ed.2d 405 (2000). The majority concludes that a police warning to a suspect in custody, given from memory at a station house, of his “right to an attorney,” and right to an appointed attorney “before any questioning” satisfies the Miranda requirement to inform him of his right to counsel at all times throughout questioning. For the reasons that follow, and because I believe that Miranda and the Supreme Court’s most recent iterations require more, I respectfully dissent.
Miranda repeatedly emphasizes the importance of informing a suspect in custody of the right to counsel during questioning. It requires, as recognized by the Supreme Court in Florida v. Powell, — U.S.-, 130 S.Ct. 1195, 175 L.Ed.2d 1009 (2010), that “as an absolute prerequisite to interrogation,” an individual held for questioning “must be clearly informed that he has the right to consult with a lawyer and to have the lawyer with him during interrogation.” Miranda v. Arizona, 384 U.S. 436, 469, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The Court found this “right to have counsel present at [an] interrogation ... indispensable to the protection of the Fifth Amendment privilege.” Id. The Court’s “aim [wa]s to assure that the individual’s right to choose between silence and speech remains unfettered throughout the interrogation process.” Id. at 471, 86 S.Ct. 1602. Thus, the practical right to the presence of an attorney addresses the concern that “[t]he circumstances surrounding in-custody interrogation can operate very quickly to overbear the will of one merely made aware of his privilege [to remain silent] by his interrogators.” Powell, 130 S.Ct. at 1203 (quoting Miranda, 384 U.S. at 469, 86 S.Ct. 1602) (internal quotation marks omitted).
As Powell recognized, the Court has not “dictated the words in which the essential information must be conveyed.” Id. at 1204. In reviewing Miranda warnings, courts are “not required to examine Miranda warnings as if construing a will or *189 defining the terms of an easement.” Duckworth v. Eagan, 492 U.S. 195, 204, 109 S.Ct. 2875, 106 L.Ed.2d 166 (1989). The inquiry, according to Duckworth, California v. Prysock, 453 U.S. 355, 101 S.Ct. 2806, 69 L.Ed.2d 696 (1981), and Powell, “is simply whether the warnings reasonably conve[y] to [a suspect] his rights as required by Miranda.” Powell, 130 S.Ct. at 1204 (quoting Duckworth, 492 U.S. at 203, 109 S.Ct. 2875) (citations and quotation marks omitted).
In Powell, the Supreme Court’s most recent iteration of Miranda, the Court reviewed whether a warning with an explicit temporal limitation on the right to an attorney withstood Miranda’s requirements. In rejecting the defendant’s argument that the warning, as a whole, failed to convey his continuous right to counsel, the Court held that
They informed Powell that he had the ‘right to talk to a lawyer before answering [their] questions’ and ‘the right to use any of [his] rights at any time [he] want[ed] during th[e] interview.’ The first statement communicated that Powell could consult with a lawyer before answering any particular question, and the second statement confirmed that he could exercise that right while the interrogation was underway. In combination, the two warnings reasonably conveyed Powell’s right to have an attorney present, not only at the outset of the interrogation, but at all times.
Id. at 1204-05 (alterations in original). The Court not only took note of the catch all statement, but also relied on it in combination with the “before” language in concluding that
In context, however, the term “before” merely conveyed when Powell’s right to an attorney became effective — namely, before he answered any questions at all. Nothing in the words used indicated that counsel’s presence would be restricted after the questioning commenced.
Id. at 1205. The Court found that the “words used”[2] did not indicate that the presence of Powell’s counsel would be restricted after the questioning commenced because “[i]nstead, the warning communicated that the right to counsel carried forward to and through the interrogation: Powell could seek his attorney’s advice before responding to any of [the officers’] questions and at any time ... during th[e] interview.” Id. at 1205 (internal quotation marks omitted). “The warning” included the catch all statement — “[y]ou have the right to use any of these rights at any time you want during this interview” Id. at 1200. Thus, it appears that if Powell had not been told that he could invoke the rights read to him at any time during questioning, his right to the presence of counsel during the interrogation would not have been reasonably conveyed.
This is the crux of my disagreement with the majority. Powell speaks specifically to the clarity with which the warnings inform the accused of his right to counsel throughout the interrogative process. On its face, an iteration of the warnings with no elucidation on this point cannot be constitutionally sound.
Ultimately, Powell examines language different than that before us. In this case, the police officer, without a Miranda card and from memory, warned Warren of his general right to counsel without reference to whether it commenced or ceased at any *190 particular time. Unlike Powell, Warren did not receive an explicit warning that all of the rights dictated to him could be invoked at any time during the entirety of the interview. Although there is no catch all statement in Warren’s case, Powell stands for the proposition that being told that your right to counsel persists throughout interrogation is at the core of Miranda.
The majority concludes that, in light of Powell, the lack of any express reference to the right to counsel during interrogation, coupled with the lack of a catch all statement like that in Powell, does not undermine the validity of the warning. However, simply because the general right to counsel here does not contain a qualifier does not mean that the warning makes clear that the right to counsel exists both before and during questioning. As we look at the application of Miranda, and now Powell, we cannot pare down the constitutional prerequisites with wily veterans of our justice system in mind. “[T]he accused who does not know his rights and therefore does not make a request may be the person who most needs counsel[.]” Powell, 130 S.Ct. at 1210 (Stevens, J., dissenting) (citing Miranda, 384 U.S. at 470-71, 86 S.Ct. 1602) (internal quotation marks omitted). Our charge is to make sure the words spoken are plain and not subject to conjecture, intuition, or speculation.
The majority also points to Duckworth and Prysock because in those cases, the Court found that the warnings, in their totality, did not limit the right to appointed counsel. In both cases, the Court looked to the language of the warnings to discern any temporal limitation on the suspect’s rights that may have been communicated to him. Although the language used in both is distinguishable, these decisions provide guidance as to what constitutes adequate notice of the right to counsel and its scope.
In Prysock, the Court reviewed a warning that informed the suspect of his right to “have hi[s] [lawyer] present with [him] while ... being questioned, and all during the questioning[.]” 453 U.S. at 361, 101 S.Ct. 2806. The defendant complained that the warning was inadequate because it included “the right to have a lawyer appointed ... at no cost,” id. at 358, 101 S.Ct. 2806, but did not explicitly inform him of the right to appointed counsel before questioning. The Court rejected this argument, holding that “nothing in the warnings suggested any limitation of the right to the presence of appointed counsel different from the conveyed rights to a lawyer in general, including the right to a lawyer before [the suspect is] questioned ... while [he is] being questioned, and all during the questioning.” Id. at 360-61, 101 S.Ct. 2806.
In Duckworth, the Court similarly found sufficient a warning that informed the suspect of the right “to talk to a lawyer for advice before ... any questions, and to have him with [the suspect] during questioning” but also stated that a lawyer would be appointed “if and when [the suspect goes] to court.” 492 U.S at 198, 109 S.Ct. 2875. The Court held that the statements, “in their totality,” conveyed the proper warnings because the “if and when” statement did not suggest that only those suspects who go to court would be afforded an attorney, but “simply anticipate^] [the suspect’s] question.” Id. at 204-05, 109 S.Ct. 2875. In the context of both cases, the warnings reasonably conveyed to the suspect, through their language of the right to counsel during questioning, that the right to counsel indeed existed during the time of interrogation.
Although the Court has not “dictated the words in which the essential informa *191 tion must be conveyed,” Poivell, 130 S.Ct. at 1204, the language used in the Prysock, Duckworth, and Powell is instructive. Each contained language that the suspect could invoke, at any time during questioning, either his right to counsel or all the rights that had been dictated to him (including the right to talk to counsel before questioning). Warren’s warning of his “right to an attorney,” in context, does not, in my view, reasonably convey to a reasonable person in his position that he has a right to counsel throughout any custodial questioning. Additionally, the notice to Warren that if he could not afford an attorney, one would be appointed to him before questioning does not and cannot be said to have reasonably conveyed that the general right to an attorney continues during questioning.
I believe that Miranda and its progeny compel a finding that the conveyance of a general right to an attorney, without contextual notification that this right exists during questioning, does not meet the requirements of Miranda. Many of our sister Circuits have come to similar conclusions. See, e.g., United States v. Noti, 731 F.2d 610, 614 (9th Cir.1984) (the advisement of “the right to have counsel present during questioning ... is not left to the option of the police; it is mandated by the Constitution.”);[3] see also, Powell, 130 S.Ct. at 1212 n. 8 (Stevens, J., dissenting) (“I am doubtful that warning a suspect of his ‘right to counsel,’ without more, reasonably conveys a suspect’s full rights under Miranda....”).
In my view, telling a defendant that he will be appointed an attorney before questioning if he cannot afford one and that he has the right to an attorney does not reasonably convey his continued right to counsel during questioning. Looking to the entire warning and what it reasonably conveyed, the warning in Powell did not “entirely omi[t] any information Miranda required [the officers] to impart.” Id. at 1204 (internal quotation marks and citation omitted). I believe such an omission was made in this case. Because I conclude that the warning here was inadequate and violated Warren’s constitutional rights under the Fifth Amendment, I believe that his statements made subsequent to the warning should be suppressed. I would therefore vacate the judgment of conviction and remand to the District Court.

. I join Part II of the majority opinion, the 21 U.S.C. § 851 analysis, in full.

. To the extent the majority views the reference in Powell to "the words used” as only alluding to the "right to speak to an attorney before” and not the catch all statement, I disagree with that interpretation. The combination of phrases in Powell made evident that the term "before” was not restrictive and it only conveyed when the right began.

. See also United States v. Tillman, 963 F.2d 137, 140-42 (6th Cir.1992) (suppressing statements made to police where suspect was told that he had the right to the presence of an attorney, but police "failed to convey to defendant that he had the right to an attorney both before, during and after questioning” and failed to warn that statements could be used against him); United States v. Anthon, 648 F.2d 669, 672-74 (10th Cir.1981), cert. denied, 454 U.S. 1164, 102 S.Ct. 1039, 71 L.Ed.2d 320 (1982) (finding Miranda warning insufficient where suspect was not advised that "right to counsel encompassed the right to have counsel present during any questioning,” but admitting statement as harmless error); Windsor v. United States, 389 F.2d 530, 533 (5th Cir.1968) ("Merely telling him that he could speak with an attorney or anyone else before he said anything at all is not the same as informing him that he is entitled to the presence of an attorney during interrogation. ...").